UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE EDWARD HELDT
LINDA ANN HELDT,

    Plaintiffs,

v.                                                                                                  Case No. 06-10098
STATE OF MICHIGAN DEPARTMENT                                  HONORABLE AVERN COHN
OF TREASURY, JAY B. RISING, STATE
TREASURER MARY G. MACDOWELL,
DIRECTOR FINANCIAL SERVICES BUREAU,
STATE OF MICHIGAN DEPARTMENT OF
TREASURY, MICHAEL REYNOLDS,
ADMINISTRATOR, COLLECTION DIVISION,

MICHIGAN ACCOUNTS RECEIVABLE COLLECTION
SYSTEM AND CG SERVICES LIMITED PARTNERSHIP
SHEILA FEWS, COLLECTION MANAGER,

MACOMB COUNTY REGISTER OF DEEDS,
CARMELLA SABAUGH, MACOMB COUNTY CLERK,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
AND DISMISSING CASE**[1]

This is a tax case.  Plaintiffs, proceeding pro se, are challenging a tax lien by the State of Michigan on real property owned by plaintiffs.  The tax lien was imposed as a result of plaintiffs' failure to file state income tax returns and failure to timely challenge the assessment of the tax.  Plaintiffs claim the tax lien violates state and federal law.

---

[1]Upon review of the parties' papers, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

Before the Court are the following motions:

* The State Defendants' (Michigan Department of Treasury, Jay B. Rising, Mary G. MacDowell, Michael Reynolds, Michigan Accounts Receivable Collection Systems) motion to set aside entry of default on the grounds that the default judgment is void because the Court lacks subject matter jurisdiction.

* The State Defendants' motion to dismiss.

* Defendants CG Services Limited Partnership and Sheila Fews' motion to dismiss.

* Defendant Carmella Sabaugh, Macomb County Register of Deed's motion to dismiss.

For the reasons that follow, the State Defendants' motion to set aside the default judgment and motion to dismiss are GRANTED, CG Services Limited Partnership and Sheila Fews' motion to dismiss is GRANTED, and Carmella Sabaugh, Macomb County Register of Deed's motion to dismiss is GRANTED.

## II.  Background

The following background is taken from the complaint and the parties' papers.

The State of Michigan, through the Department of Treasury, determined that plaintiffs failed to pay state income taxes from 1987 to 2001.  Plaintiffs apparently owe $10,000 in back income taxes.  At some point, the State of Michigan retained CG Services, a private company, to contact plaintiffs and request voluntary payment.  CG was not successful.  The Department of Treasury then placed a lien on plaintiff's real property located in Washington, Michigan and perfected the lien by filing it with the Macomb County Register of Deeds.

Plaintiffs then sued the State Defendants, CG Services and its employee Sheila Fews, and the Macomb County Register of Deeds claiming a violation of their civil

rights. Plaintiffs filed an eight count complaint which, as best as can be gleaned, asserts the following claims: (1) that defendants deprived then of their "personal liberty and property rights without due process and equal protection," by failing to investigate the facts and circumstances surrounding whether plaintiffs are subject to the State of Michigan tax statutes (2) that defendants engaged in "gross negligence" in assessing the tax liability and issuing the tax lien, (3) that defendants defamed them by filing and recording the tax lien with the Macomb County Register of Deeds, (4) that defendants conspired to violate state and federal law by attempting to collect taxes, (5) that defendants, by assessing their tax liability and filing a lien, initiated a "quasi civil case of action" against them without "probable cause" thereby depriving plaintiffs of their Fifth and Fourteenth Amendment rights, (6) that defendants violated plaintiffs Fourth Amendment rights, (7) that defendants violated their constitutional rights by unlawfully "fabricating facts" regarding plaintiffs' tax liability, and (8) that plaintiffs are entitled to a declaration of rights under § 1983. Plaintiffs seek injunctive, declaratory, and monetary relief.

### III.  Motion to Dismiss

In determining whether the Court has subject matter jurisdiction of a claim under Fed. R. Civ. P. 12(b)(1), the Court must assume that plaintiffs' allegations are true and must construe the allegations in a light most favorable to them. <u>Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.</u>, 203 F. Supp. 2d 853, 855 (W.D. Mich.2002). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." <u>Id</u>. Where jurisdiction is challenged under Fed.R.Civ.P. 12(b)(1), plaintiffs bear the burden

of proving jurisdiction in order to survive the motion.  Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986).

## IV.  Analysis

While the defendants have separately moved to dismiss and advance several arguments in support, there is one argument common to all defendants which is dispositive – the Court lacks subject matter jurisdiction based on the Tax Injunction Act, 28 U.S.C. § 1341 and principles of comity.

The Tax Injunction Act provides:

> The district court shall not enjoin, suspend or restrain the assessment, levy or collection or any tax under State law whether a plain, speedy and efficient remedy may be had in the courts of such state.

The purpose of the Act has been explained as follows:

> This federal act implements important principles of comity.  It expresses the federal government's "scrupulous regard for the rightful independence of state governments." Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 298, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943).  It recognizes the importance of protecting the states' periodic collection of tax revenues from disruptive litigation in federal courts, which the states are powerless to control.  It also respects the traditional reluctance of federal courts to intervene in the complexities of state tax administration.  See generally, Great Lakes, supra; Perez v. Ledesma, 401 U.S. 82, 127 n. 17, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). (Brennan, J., concurring in part and dissenting in part).  The Act is a "broad jurisdictional barrier," Moe v. Confederated Salish & Kootenai Tribes, 425 U.S. 463, 470, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976).  It bars even claims that the state tax is illegal or unconstitutional.  Tully v. Griffin, Inc., 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976).

Kister v. Milliken, 432 F Supp. 1001, 1003-04 (E.D. Mich. 1977) (internal footnotes omitted).  The Act bars claims seeking injunctive or declaratory relief.  See Blue v. Bowman, 1987 US Dist LEXIS 15621 (E.D. Mich. Dec. 23, 1987).

As to the request for damages, this claim is barred by the principle of comity, set forth by the Supreme Court in Fair Assessment in Real Estate Ass'n v. McNary, 454

U.S. 100 (1981).  Under the Fair Assessment doctrine, a federal court should normally abstain from hearing an action challenging the assessment, levy, or collection of state tax as long as there is a "plain, adequate, and complete" remedy available to the plaintiff in the state courts.  Fair Assessment, 454 U.S. at 116.  While the principle of comity reflects some of the same concerns that support the Tax Injunction Act, it "stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief."  Chippewa Trading Co. v. Cox, 365 F.3d 538, 541 (6th Cir.), cert. denied, 543 U.S. 988 (2004).  The exclusion of the federal courts from the area of state taxation is so far-reaching that it precludes federal courts from declaring state tax laws unconstitutional.  Thiokol Corp. v. Dep't of Treasury, State of Mich., 987 F.2d 376, 378 (6th Cir.1993).

Under both the Tax Injunction Act and the doctrine of comity, the plaintiffs bear the burden of pleading and proving the inadequacy of state judicial remedies.  Although plaintiffs appear to contend that their remedies are inadequate, this argument is unavailing.  The Court of Appeals for the Sixth Circuit has examined and upheld the adequacy of the remedies available to a taxpayer under the laws of the State of Michigan to seek vindication of constitutional rights in the state courts.  See, e.g., Chippewa Trading, 365 F.3d at 542-43; Helmsley v. City of Detroit, 320 F.2d 476 (6th Cir.1963) (Declaratory Judgment Act challenge to Michigan property tax assessment under due process and equal protection principles barred, because Michigan courts provide an adequate remedy); see also Kistner v. Milliken, supra (appeal of right to state court of appeals from Tax Tribunal is a plain and adequate remedy for purposes of Tax Injunction Act).  Moreover, plaintiffs' failure to avail themselves of their state remedies

does not mean that they are inadequate.  See <u>Aluminum Co. of America v. State of Michigan, Department of Treasury</u>, 522 F.2d 1120 (6th Cir. 1975).

Here, plaintiffs are challenging a tax lien placed on their property by the State of Michigan after being assessed for failing to pay state income taxes.  While plaintiffs say the Court can hear the case because they have filed suit under § 1983 and asserted several constitutional violations, the clear thrust of their complaint - a challenge to the ability of the State of Michigan to collect a state tax - falls under the Tax Injunction Act and principles set forth above.  Plaintiffs cannot overcome this fact by framing their complaint under § 1983.  Both the Tax Injunction Act and common law principles of comity prohibit the Court from entertaining plaintiffs' challenge to the validity of the tax assessment against their property.

SO ORDERED.


Dated:  May 31, 2006              s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2006, by electronic and/or ordinary mail.


                                   s/Julie Owens
                                  Case Manager
                                  (313) 234-5160