UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE EDWARD HELDT
LINDA ANN HELDT,

    Plaintiffs,

v.                                                                                              Case No. 06-10098
STATE OF MICHIGAN DEPARTMENT                                 HONORABLE AVERN COHN
OF TREASURY, JAY B. RISING, STATE
TREASURER MARY G. MACDOWELL,
DIRECTOR FINANCIAL SERVICES BUREAU,
STATE OF MICHIGAN DEPARTMENT OF
TREASURY, MICHAEL REYNOLDS,
ADMINISTRATOR, COLLECTION DIVISION,

MICHIGAN ACCOUNTS RECEIVABLE COLLECTION
SYSTEM AND CG SERVICES LIMITED PARTNERSHIP
SHEILA FEWS, COLLECTION MANAGER,

MACOMB COUNTY REGISTER OF DEEDS,
CARMELLA SABAUGH, MACOMB COUNTY CLERK,

    Defendants.

_____/

**ORDER DENYING RECONSIDERATION**

I.

This is a tax case. Plaintiffs, proceeding pro se, are challenging a tax lien by the State of Michigan on real property owned by plaintiffs. The tax lien was imposed as a result of plaintiffs' failure to file state income tax returns and failure to timely challenge the assessment of the tax. Plaintiffs claim the tax lien violates state and federal law.

The defendants filed motions to dismiss. The Court granted the motions and dismissed the case. See Memorandum and Order Granting Defendants' Motion to Dismiss and Dismissing Case, filed May 31, 2006.

## II.

Thereafter, plaintiffs filed the following papers:

> Plaintiffs Petition for De-Novo Hearing and Restates Their Demand that the Facts of the Case be Tried by the Jury Pursuant Federal Rules Civil Procedure Rule 38(A) and 39(B) and
> Plaintiffs Reply to the Memorandum and Order Granting Defendants' Motion to Dismiss and Dismissing Case
>
> and
>
> Plaintiffs Notice and Demand for Trial by the Jury Pursuant Federal Rules Civil Procedure 38(A) Trial of Right, and Pursuant Federal Rules Civil Procedure Rule 39(B) that this Cause of Action be Scheduled for the Next Civil Jury Docket, De-Novo Hearing.

The Court has read the papers and construes them as a request for reconsideration of the Court's dismissal order.

## III.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court*s discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiffs cite Fed. R. Civ. P. 38(a) and Fed. R. Civ. P. 39(b) in support of their request. Although these rules provide for a trial by jury, they do not guarantee that a case will go to a jury. As explained in the May 31, 2006 order, plaintiffs' case, in which they seek

relief from a tax lien, is barred by the Tax Injunction Act. Plaintiffs papers fail to convince the Court that it erred in dismissing the case. As such, reconsideration is DENIED.

Should plaintiffs wish to challenge the dismissal of their case, they must file an appeal with the Court of Appeals for the Sixth Circuit.

SO ORDERED.

                                     s/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE

Dated: June 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record and George and Linda Ann Heldt, 7706 Granite, Washington, MI 48094 on this date, June 13, 2006, by electronic and/or ordinary mail.

                                     s/Julie Owens
                                     Case Manager
                                     (313) 234-5160